911 F.2d 723
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Robert LATTOMUS, Anthony Humphreys, Ralph Henkel, James
Gallagher, Plaintiffs-Appellants,
v.
GENERAL BUSINESS SERVICES CORPORATION, Bernard Browning,
Robert Pirtle, Defendants-Appellees.
 No. 89-2200.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 8, 1990.
Decided Aug. 6, 1990.
As Amended Aug. 17, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Walter E. Black, Jr., District Judge. (CA-89-842-B)
 Steven M. Kramer, Steven M. Kramer & Associates, New York, N.Y., Elmer Newhouse, Baltimore, Md., for appellants.
 Gary C. Tepper, Brownstein, Zeidman and Schomer, Washington, D.C., for appellees.
 D.Md.
 AFFIRMED.
 Before WIDENER, PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Robert Lattomus, James Gallagher, Ralph Henkel, and Anthony Humphreys appeal the district court's dismissal with prejudice of their action against General Business Services Corporation (GBS) and Bernard Browning and Robert Pirtle, the chairman and president of GBS, respectively. The plaintiffs alleged, inter alia, RICO violations, fraud, and breach of contract in connection with GBS's termination of their franchise agreements. After the plaintiffs repeatedly failed to comply with a court order under District of Maryland Local Rule 103(4) to post security for costs, the court dismissed the action with prejudice, as permitted under the local rule. Finding no abuse of discretion, we affirm the dismissal.
 
 
 2
 * The appellants served under franchise agreements as Regional Directors for GBS, a franchisor of business counsellors, before 1987. In 1987, GBS determined that its system of Regional Directors was an inefficient means of recruiting and training franchisees to serve as Area Directors. GBS therefore offered its Regional Directors the option of terminating their Regional Director Agreements and entering into consulting agreements that provided for periodic cash payments. All of GBS's fifty-six Regional Directors accepted the consulting agreements except for the four appellants in this action and one other Regional Director. The appellants did not object to the termination of their Regional Director Agreements, but rather demanded a larger cash payment than GBS was willing to offer. After GBS refused the increased payment, Lattomus, Henkel, and Humphreys executed renewals of their existing Regional Director Agreements when those agreements approached expiration. Gallagher never executed a renewal, as his current Regional Director Agreement had not expired, at least as of the time of this appeal. Thus, at the time of the filing of this action, all of the appellants still served as Regional Directors for GBS.
 
 
 3
 Alleging RICO violations and common law claims arising from the termination of their prior agreements, the appellants sued GBS, Browning, and Pirtle in the United States District Court for the District of Pennsylvania in May 1988. The case was transferred to the District of Maryland in February 1989. On June 1, 1989, the district court ordered each of the appellants, none of whom was a Maryland resident, to post a $1000 bond as security for costs, pursuant to District of Maryland Local Rule 103(4):
 
 
 4
 Any party against whom affirmative relief (other than a compulsory counterclaim) is filed may file a motion requesting that the party seeking the affirmative relief give security for costs if that party is not a resident of this district.... The Court may dismiss the claim of a party who fails to deposit the required security.
 
 
 5
 The court order required the bond to be posted by June 16. That deadline passed without the appellants posting the bond or requesting an extension of time. Accordingly, on June 26, GBS, Browning, and Pirtle moved to dismiss the action. Shortly after the motion to dismiss was filed, GBS, Browning, and Pirtle received a copy of a letter, addressed to the district court and dated June 24, in which the appellants requested a thirty-day extension--until July 24--to post bond. On July 13, the appellants filed an opposition to the motion to dismiss and attached to that document a letter dated June 29 instructing Robert B. Blaikie & Co. to issue a bond. GBS, Browning, and Pirtle promptly notified the district court and the appellants, on July 17, that Robert B. Blaikie & Co. was not authorized under 31 U.S.C. Secs. 9304 & 9305 to act as a surety in federal court.
 
 
 6
 Another month passed, and the appellants still had not arranged for a bond with an authorized surety. Therefore, on August 17--over three weeks after the July 24 expiration of the requested extension--the district court entered an order dismissing the appellants' complaint. In its order, the district court noted that its exercise of discretion to dismiss under Local Rule 103(4) was taken "upon consideration of the entire record in these proceedings." The entire record as of that date revealed numerous instances of the appellants' failure to comply with court orders and procedural rules. For example, all four appellants failed to answer an initial set of interrogatories and document requests, and three of the four have yet to comply with a court order compelling answers and document production, while the fourth complied belatedly. The appellants also failed to respond to a second set of interrogatories, despite several requests for extensions of time. After appellants' original counsel was permitted to withdraw from the case (upon stating in open court that he had an ethical duty to withdraw because of the appellants' refusal to abandon frivolous claims, Joint Appendix at 10), the appellants then did not engage new counsel until over one month after the date by which the court ordered the appearance of new counsel. On numerous other occasions, the appellants failed to file timely oppositions to defense motions to dismiss, transfer venue, and post security for costs.
 
 
 7
 On August 17, 1989, the day of the court order dismissing this action, the appellants filed with the district court an undertaking by an authorized surety to post security for costs. The undertaking filed on the 17th was dated August 3. The appellants claimed that the clerk of court had refused to file the document earlier because it was defective in certain material respects: it was not signed by an attorney qualified to act as Attorney-in-Fact in Maryland, and it covered only one of the four appellants. No explanation was given as to why those defects had not been cured by the 17th. Still without having attempted to cure the defects or otherwise post valid security, the appellants filed on August 24 a motion for reconsideration of the dismissal order. The district court denied the motion for reconsideration on September 22. As of that date--almost four months after the initial order requiring posting of security within fifteen days and almost five weeks after the initial order of dismissal--appellants had yet to post valid security.
 
 II
 
 8
 The abuse of discretion standard governs our review of a dismissal with prejudice for failure to post a required bond. See Patuxent Section 1 Corp. v. St. Mary's County Metro. Comm'n, 19 F.R.Serv.2d 1395-96 (4th Cir.1975) (per curiam). In this case, the appellants still had not complied with a court order requiring the posting of security for costs over three months after the June 16 deadline set by the court. The court's forbearance in not ruling earlier than August 17 on the motion to dismiss indicates that the appellants had ample opportunity, which they did not take, to comply with the order even after the expiration of the June 16 deadline. As the district court apparently sensed, the appellants' delay in complying with this order was of a piece with prior instances of the appellants' dilatory and recalcitrant approach to other court orders and rules of procedure.[1] On the record as a whole, the district court did not abuse its discretion in granting GBS, Browning, and Pirtle's motion to dismiss the action with prejudice.[2]
 
 
 9
 For the foregoing reasons, the district court's dismissal of this action with prejudice is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.[3]
 
 
 10
 AFFIRMED.
 
 
 
 [1]
 As GBS is required by federal law to disclose to prospective franchisees any pending suits against it, this record would permit the inference that the appellants have adopted a strategy of delay to improve their position in settlement negotiations. A letter from appellants' counsel to GBS in late 1987 noted "the existence of such a suit involves embarrassing disclosure responsibilities under the FTC rule with respect to your 'UFOC' (Uniform Franchise Offering Circular) which may adversely affect your potential to attract new franchisees." Joint Appendix at 64
 
 
 [2]
 It appears that the appellants have also failed to comply with a December 11, 1989, order of the district court requiring each appellant personally to post $250 in cash as security for costs on appeal. See Fed.R.App.P. 7. The appellees have requested as an alternative to a merits disposition that we dismiss this appeal on the ground that the appellants have not complied with the order to post bond on appeal. We have opted to address the merits, as the nature of this appeal suggests no compelling reason to dismiss
 
 
 [3]
 At the conclusion of their brief, appellees GBS, Browning, and Pirtle have requested "that attorneys' fees and costs relating to this appeal be assessed against appellees [sic]." Under Fed.R.App.P. 39, "costs shall be taxed against the appellant[s]" because we affirm in this case. If appellees desire to seek further sanctions, the appropriate means is by a motion to this court under Fed.R.App.P. 38